# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MELVIN ABDULLAH EL-AMIN   :
             :
             :
             :
 v.           :   Case No. CCB-13-820
             :
             :
INTERNATIONAL LONGSHOREMEN'S :
ASSOCIATION, AFL-CIO, LOCAL 333, :
*et al.*           :

## MEMORANDUM

Plaintiff Melvin Abdullah El-Amin has filed this action against various union and union official defendants related to his attempt to be reinstated as a member of the International Longshoremen's Association ("ILA"), Local 333, in good standing. The court previously dismissed an action related to the same series of events, with prejudice as to all claims except a fraudulent misrepresentation claim, on July 5, 2012. *See El-Amin v. Blom*, 2012 WL 2604213 (D. Md. 2012) ("*El-Amin II*"). Another related action was dismissed on June 28, 2011. *See El-Amin v. Int'l Longshoremen's Ass'n Loc. No. 333*, 2011 WL 2580630 (D. Md. 2011) ("*El-Amin I*"). The defendants have filed motions to dismiss in this case, and El-Amin has filed motions for summary judgment in response. For the reasons stated below, the defendants' motions will be construed as motions for summary judgment and will be granted, and El-Amin's motion for summary judgment will be denied.

## BACKGROUND

The facts leading up to this claim are recounted thoroughly in the court's previous opinions; only the relevant facts will be restated here. El-Amin was a member of Local 333, a Baltimore chapter of the ILA. On July 21, 2009, El-Amin relocated to Florida, and, according to El-Amin, attempted, but failed, to transfer to a new local there. Upon returning to Baltimore, El-

Amin tried to rejoin Local 333 but was told that he owed $1500 (and later $2195) in back dues. (Pl.'s Mot. Summ. J., Ex. 1 ("Knott Letter I"), ECF No. 33-3). El-Amin believed that, under the union constitution, he owed only $195 to be reinstated. (*Id.*) In his previous complaint, El-Amin alleged that this discrepancy in the amount of back dues he owed amounted to "fraudulent misrepresentation," but the court dismissed this claim without prejudice for failure to meet the heightened pleading standards of Rule 9(b). *See El-Amin II*, 2012 WL 2604213, at *10. The court also denied El-Amin's motion to substitute Local 333 as a defendant, finding that his fraudulent misrepresentation claim was "based on the terms of the Local # 333 constitution," and, thus, was preempted by § 301(a) of the LMRA, 29 U.S.C. § 185(a), and that he was required to exhaust his union remedies on such a claim before proceeding in this court. *See id.* at *11-12 (citing *Prevas v. Hopkins*, 905 F. Supp. 271, 274-75 (D. Md. 1995)).

On July 7, 2012, two days after this court dismissed his previous claims, El-Amin filed a grievance with the union, arguing that he was being improperly assessed back dues under Article XIV, Sections 5 and 6, of the ILA constitution. (*See* Knott Letter I; *see also* Daggett Mot. Dismiss, Ex. A ("Grievance"), ECF No. 25-2, at 4-11). Stephen Knott, general vice president of the ILA, initially determined, "[a]fter reviewing the particulars of Brother El-Amin's complaint, . . . that Local 333 erred by requiring him to pay $1,500.00 to be reinstated as a member in good standing." (Knott Letter I). However, after the union received a set of correspondences and meeting minutes from Local 1416, a Longshoremen's chapter in Miami, the union determined that El-Amin had transferred to Local 1416 and that, to be reinstated in Local 333, he needed a transfer card from Local 1416. (Pl.'s Mot. Summ. J., Ex. 2 ("Knott Letter II"), ECF No. 33-4).[1]

Local 1416 provided El-Amin with a valid transfer card on February 26, 2013. (*See* Pl.'s Mot.

---

[1] Notably, the copy of this letter that El-Amin attached to his motion does not contain the attachments (including letters and meeting minutes) that verify its contents, but the defendants have attached a copy of the letter that does contain the attachments. (*See* Daggett Mot. Dismiss, Ex. B ("Knott Letter II"), ECF No. 25-3).

Summ J., Ex. 4 ("ILA Transfer Card"), ECF No. 33-6).[2] Under the ILA constitution, El-Amin

could have used that transfer card to rejoin Local 333, and he would have only been required to

pay the first quarter dues of $195—the amount he initially claimed he owed to be reinstated and

not the higher amounts the union previously sought. (*See* Local 333's Mot. Dismiss, ECF No. 26,

at 4; Ex. 2 ("ILA Constitution"), ECF No. 26-2, at 31-33). El-Amin has not used the transfer card

to be reinstated.

He subsequently filed this action, alleging again that the back dues the union initially

requested constituted fraudulent misrepresentation, and, additionally, that the reversal of the

union grievance decision and related actions by union officials breached the union's constitution

and constituted fraud.

### ANALYSIS

The defendants have moved to dismiss El-Amin's complaint for failure to state a claim

under Fed. R. Civ. P. 12(b)(6), but they have also attached a significant number of exhibits to

their motions. In turn, El-Amin filed motions for summary judgment under Fed. R. Civ. P. 56 in

response, and he attached multiple exhibits as well. Accordingly, because the court considers

only the pleadings when deciding a Rule 12(b)(6) motion, but, where the parties present matters

outside of the pleadings and the court considers those matters, the motion is treated as one for

summary judgment, the court will treat the defendants' motions as ones for summary judgment

under Rule 12(d). *See* Fed. R. Civ. P. 12(d); *Gadsby by Gadsby v. Grasmick,* 109 F.3d 940, 949

(4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.,* 241 F. Supp. 2d 551, 556 (D.

Md. 2003).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Baltimore*

*Center for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore*, --- F.3d ----, 2013

---

[2] El-Amin alleges, without any evidentiary basis, that the documents showing he transferred to
Local 1416, and the transfer card from Local 1416, are fraudulent.

WL 3336884, *10 (4th Cir. 2013). First, all parties must "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment," which can be satisfied when a party is "aware that material outside the pleadings is before the court." *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.,* 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious"). "[T]he second requirement for proper conversion of a Rule 12(b)(6) motion is that the parties first 'be afforded a reasonable opportunity for discovery.'" *Greater Baltimore*, 2013 WL 3336884 at *10.

Here, the parties had adequate notice that their motions might be treated as ones for summary judgment. El-Amin's captions, and all of the attached materials to the various motions, were sufficient indicia that the court would treat them as ones for summary judgment. *See Laughlin*, 149 F.3d at 260-61. If any party thought that it needed additional evidence to oppose summary judgment, Rule 56(d), which no party has invoked, afforded them the opportunity to seek further discovery through an affidavit. *See* Fed. R. Civ. P. 56(d); *see also Greater Baltimore*, 2013 WL 3336884 at *10 ("[The defendant] took 'the proper course' when it filed the Rule 56([d]) Affidavit, 'stating that it could not properly oppose . . . summary judgment without a chance to conduct discovery.'") (citation omitted); *Laughlin*, 149 F.3d at 261 (refusing to overturn district court's grant of summary judgment on assertions of inadequate discovery when the nonmoving party failed to make an appropriate motion under Rule 56([d])). As this is the third action filed by El-Amin related to his attempts to be reinstated in Local 333, there has also been a significant record developed in the years since he first filed a claim against the local. Therefore, the court will consider the exhibits submitted by the parties and will treat all of the motions as ones for summary judgment.

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.*

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted). "When both parties file motions for summary judgment, the court applies the same standards of review." *Loginter S.A. Y Parque Indus. Agua Profunda S.A. Ute v. M/V NOBILITY*, 177 F. Supp. 2d 411, 414 (D. Md. 2001) (citing *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). "The role of the court is to 'rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Id.*

(quoting *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985)).

The defendants are entitled to summary judgment on El-Amin's claims because, based on all of the exhibits before the court and the significant litigation history related to the facts of this case, El-Amin has adduced no evidence of any fraudulent misrepresentation or other violation of the union's constitution.[3] As explained above, once El-Amin properly availed himself of the union's internal grievance process regarding the amount of back dues Local 333 attempted to charge him to be reinstated, his grievance was thoroughly considered. Although it may have been frustrating that the union reversed its first decision, El-Amin points to no union provision disallowing such a reversal. The attachments to the reversal letter demonstrate that El-Amin had, in fact, transferred to Local 1416, and that the reversal was not baseless. (*See* Knott Letter II, ECF No. 25-3). El-Amin subsequently received a transfer card from Local 1416 which he could have used to rejoin Local 333, paying only the $195 he initially claimed he owed to be reinstated, although he would not have been entitled to any remedies for the violation of the ILA constitution that Knott initially found.

El-Amin points to an affidavit from a union lawyer that was submitted in his first suit stating that "El-Amin . . . had not effectuated a transfer to ILA Local 1416" as evidence that the union is contradicting itself and committing a fraud in now relying on documents showing El-Amin had, in fact, transferred to Local 1416. (*See* Pl.'s Mot. Summ. J., Ex. 5 ("Mazzola Aff."), ECF No. 33-7, ¶ 5). It is clear from the affidavit, however, that the affiant was not basing this statement on actual, personal knowledge of whether a transfer had occurred; rather, the statement was based on a telephone conversation the affiant had with El-Amin in the context of explaining

---

[3] Only for the purposes of resolving these motions, the court assumes without deciding that there is a legal basis for El-Amin to have brought claims that the union breached its union constitutional duties, *see Woodddell v. Int'l Broth. Of Elec. Workers, Local 77*, 502 U.S. 93, 98-101 (1991), and separate but related claims of fraudulent misrepresentation.

to him that, assuming he had not effectuated a transfer, he would have remained a member of Local 333, even though he had stopped paying dues. (*Id.*).

While the significant delay and trouble that El-Amin has faced in attempting to rejoin Local 333 may have caused him economic harm, any alleged sluggishness or inefficacy in the union's administrative process with regard to his claim does not give rise to any remedy under § 301, because the union did not breach its constitution or otherwise commit any fraud. Had El-Amin first availed himself of the internal grievance process, instead of bringing his claim immediately to this court, he may have avoided much of this delay. *See Wiglesworth v. Teamsters Loc. Union No. 592*, 552 F.2d 1027, 1029-30 (4th Cir. 1976) ("The possibility that corrective action within the union will render a member's complaint moot suggests that, in the interest of conserving judicial resources, no court step in before the union is given its opportunity."). Accordingly, construing El-Amin's claims as liberally as possible, and setting aside questions of the scope of actions available under § 301, as well as what El-Amin would have needed to prove to prevail on his claims, the defendants are entitled to summary judgment in this action because there is no conceivable basis upon which to hold any of the defendants liable.

### CONCLUSION

For the reasons stated above, the defendants' motions to dismiss, converted into motions for summary judgment, will be granted, and El-Amin's motions for summary judgment will be denied.

A separate Order follows.


August 26, 2013                                                  _____/s/_____
Date                                                                     Catherine C. Blake
                                                                          United States District Judge